```
                   UNITED STATES DISTRICT COURT

                     DISTRICT OF CONNECTICUT


DELMONT MURPHY
                                              PRISONER
     V.                           CASE NO. 3:03CV714(DJS)

DR. BRADLEY
COMMISSIONER OF CORRECTIONS
```

                          RULING AND ORDER

      The plaintiff, currently an inmate at the Brooklyn Correctional Institution in Brooklyn, Connecticut, brings this civil rights action <u>pro se</u> and <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  The plaintiff alleges that the Commissioner of Correction for the State of Connecticut transferred him to a Virginia prison some time before April 27, 2001, because the prisons in Connecticut are overcrowded.  He claims that on April 27, 2001, while housed at Greensville Correctional Center in Jarratt, Virginia, he fell and injured his leg.  The medical department staff informed the plaintiff that he would not be seen by a doctor until April 30, 2001.  Dr. Bradley examined the plaintiff on April 30, 2001, and concluded that the plaintiff had torn a ligament in his ankle and foot. Dr. Bradley did not send the plaintiff for x-rays.  On May 15, 2001, another doctor sent the plaintiff for x-rays.  The x-ray revealed a fracture of the plaintiff's leg.  The plaintiff's leg was then placed in a cast.  On May 23, 2001, an orthopedic surgeon informed the plaintiff

that his leg had not been set right and that he would need surgery.  Six permanent screws were placed in the plaintiff's leg to hold the bone together.  The medical staff did not provide the plaintiff with physical therapy following the surgery.

The plaintiff seeks injunctive relief and monetary damages. For the reasons set forth below, the claims against defendant Commissioner of Corrections are dismissed and the claims against Dr. Bradley are transferred to the United States District Court for the Eastern District of Virginia.

The plaintiff has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915 (e)(2)(B)(i) - (iii).  Thus, the dismissal of a complaint by a district court under any of the three enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary.  See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).

"When an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915 (e)(2)(B)(i) even if the complaint

2

fails to 'flesh out all the required details.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Benitez, 907 F.2d at 1295).

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

Livingston, 141 F.3d at 437. The court exercises caution in dismissing a case under § 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989).

A district court must also dismiss a complaint if it fails to state a claim upon which relief may be granted. See 28 U.S.C. 19159e)(2)(B)(ii) ("court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim upon which relief may be granted"); Gomez, 202 F.3d at 596 ("Prison Litigation Reform Act . . . which redesignated § 1915(d) as § 1915(e) [] provided that dismissal for failure to state a claim is mandatory"). In

reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff. Gomez, 202 F.3d at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d. Cir. 1999)). Dismissal of the complaint under 28 U.S.C. 1915(e)(2)(B)(ii), is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that states a claim upon which relief may be granted. Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

A district court is also required to dismiss a complaint if the plaintiff seeks monetary damages from a defendant who is immune from suit. See 28 U.S.C. § 1915(e)(2)(B)(iii) ; Spencer v. Doe, 139 .3d 107, 111 (2d Cir. 1998) (affirming dismissal pursuant to § 1915(e)(2)(B)(iii) of official capacity claims in § 1983 action because "the Eleventh Amendment immunizes state officials sued for damages in their official capacity").

In order to state a claim for relief under § 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test.

4

First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law.  Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

   The plaintiff alleges that the Commissioner of Corrections for the State of Connecticut was negligent in transferring him to Virginia.  A prisoner has no constitutional right to be incarcerated in a particular institution; he may be transferred for any reason or for no reason at all.  See Meachum v. Fano, 427 U.S. 215, 225-28 (1976) (transfer of an inmate from one correctional facility to another, without more, does not violate the inmate's constitutional rights, even where conditions in one prison are "more disagreeable" or the prison has "more severe rules."); Olim v. Wakinekona, 461 U.S. 238, 248 (1983) (inmates have no right to be confined in a particular state or a particular prison within a given state); Conn. Gen. Stat. § 18-86 (affording prison officials absolute discretion in determining where an inmate will be incarcerated in Connecticut); Cofone v. Manson, 594 F.2d 934, 938 (2d Cir. 1979)(court held that inmate has no justifiable right or expectation based on Connecticut law that he would not be transferred to another correctional institution); Montanye v. Haynes, 427 U.S. 236, 242-43 (1976)

(state prisoners have no protectable liberty interest in original or preferred place of confinement in light of unfettered discretion of state prison officials); Meriwether v. Coughlin, 879 F.2d 1037, 1047 (2d Cir. 1989) ("It is well established that the transfer of prisoner from one institution to another does not invoke protection from the due process clause."). Thus, the plaintiff's claim that he was improperly transferred to a Virginia prison facility, lacks an arguable legal basis and is dismissed. See Neitzke, 490 U.S. at 325; 28 U.S.C. § 1915(e)(2)(B)(i).

The plaintiff's claims against the Commissioner of Corrections are also dismissed because inadvertent and negligent conduct which causes injury, does not support an action pursuant to 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 336 (1986). See also Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("Due Process clause of the Fourteenth Amendment is not implicated by lack of due care of an official causing unintended injury to life, liberty or property"). Instead, it is when a government official acts with deliberate indifference to the consequences of his action that a claim may be supported under § 1983. See Morales v. New York State Dep't of Corrections, 842 F.2d 27, 30 (2d Cir. 1988).

The plaintiff does not allege that the Commissioner of Corrections intentionally transferred him to Virginia knowing

6

that any medical treatment he would receive would be inadequate. The allegations set forth, at most, a state law negligence claim. While prison officials may owe a special duty of care to those in their custody under state tort law, the Supreme Court rejected the contention that such tort law claims raise issues concerning a constitutionally or federally protected right. See Daniels, 474 U.S. at 335-36. Thus, the plaintiff's claim that the Commissioner of Corrections was negligent in transferring him to Virginia is dismissed. See Neitzke, 490 U.S. at 325; 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The plaintiff claims that Dr. Bradley was negligent and deliberately indifferent to his medical needs when he failed to examine him for three days, refused to send him for x-rays and misdiagnosed his injury. The court concludes that the plaintiff has set forth facts to state a claim under the Eighth Amendment against Dr. Bradley. Dr. Bradley, however, is a physician employed by the Greensville Correctional Center in Virginia. There are no allegations that he has any contacts with the State of Connecticut or that he transacts business with or in the State of Connecticut. Thus, it is apparent that the court lacks personal jurisdiction over Dr. Bradley.

In the interests of justice, the Court deems it appropriate to exercise its statutory and inherent authority to transfer the claims against the defendant Bradley to the District Court for

7

the Eastern District of Virginia. A transfer may be made under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). Section 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Supreme Court and Second Circuit have held that a district court has the power to transfer a case to another judicial district, whether or not the transfer court has personal jurisdiction over the defendant. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962) ("Nothing in th[e] language [of section 1406] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants."); SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172 (2d Cir. 2000) (finding that lack of personal jurisdiction can be cured by transfer to a district in which personal jurisdiction can be exercised under section 1404(a)); Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 80 (2d Cir. 1978)(holding that court had the power to transfer the case although it lacked personal jurisdiction over

8

all of the defendants and finding such transfer to be in the interest of justice, in part because "transfer would apparently enable appellant to obtain personal jurisdiction over some or all of the defendants"). Transfer is favored to remove procedural obstacles including "the lack of personal jurisdiction, improper venue and statute of limitations bars" and thus to permit adjudication on the merits. Sinclair v. Kleindienst, 711 F.2d 291, 294 (D.C. Cir. 1983).

The decision whether to transfer or dismiss a case pursuant to 28 U.S.C. § 1406 lies within the sound discretion of the district court judge. See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir.1993). A district court may transfer a case on a motion by either party or sua sponte on its own motion. See Lead Industries Ass'n, Inc. v. Occupational Safety and Health Admin., 610 F.2d 70, 79 n.17 (2d Cir. 1979) ("the broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer sua sponte"); Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371-72 n.3 (2d Cir. 1966) ("where the motion asks only that the suit be dismissed, the court may properly, sua sponte, order it transferred [pursuant to 28 U.S.C. § 1406(a)]").

Here, transfer to the United States District Court for the Eastern District of Virginia is appropriate because the events giving rise to the claims against the Dr. Bradley occurred in the Virginia. In addition, Dr. Bradley, any witnesses and other

9

evidence relating to the plaintiff's claims are located in Virginia. The transfer of this case to the Eastern District of Virginia will enable the plaintiff to obtain personal jurisdiction over defendant Bradley. In addition, transferring the case will save the plaintiff time and the expense of refiling the lawsuit in a different district.

## Conclusion

For the reasons stated above, all claims against defendant Armstrong are DISMISSED. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In the interests of justice, the Clerk is directed to transfer this case, now containing only claims against Dr. Bradley, to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404 and to close this case in this court. It is certified that any appeal in forma pauperis from this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a).

SO ORDERED this __16th__ day of January 2004, at Hartford, Connecticut.

```
                    /s/DJS
              Dominic J. Squatrito
            United States District Judge
```